UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| **Kombe Sefelino**, <br><br> Plaintiff, <br><br> v. <br><br> **County College of Morris**; **Janique Caffie**, in her official capacity as Dean of Students at County College of Morris; **Vivyen Ray**, in her official capacity as Vice President, Human Resources and Labor Relations at County College of Morris, <br><br> Defendants. | Case No. 2:23-cv-01595 |

# COMPLAINT

The County of College of Morris suspended Kombe Sefelino for 11 days because he spoke against homosexuality on campus and repeated passages from the Bible declaring that homosexuals would not "inherit the kingdom of God." 1 Cor. 6:10 (ESV). The college initially issued a written warning to Mr. Sefelino informing him that his statements violate the New Jersey Law Against Discrimination because they constitute "hate speech" and display "bias against the LGBQT+ community." *See* Exhibit 1. When Mr. Sefelino refused to self-censor in response to this warning and continued speaking against homosexuality and propagating the Bible's teachings on this matter, the college pronounced him guilty of "hate speech" and issued a suspension lasting from Monday, November 28, 2022, to December 8, 2022. *See* Exhibit 2.

The college's actions violated Mr. Sefelino's First Amendment rights, and he brings suit for damages and injunctive relief.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in the district of New Jersey. *See* 28 U.S.C. § 1391(b)(2).

3. Assignment to the Newark vicinage is proper because the defendants are located in Morris County and the cause of action arose there. *See* Local Rule 40.1(a).

## PARTIES

4. Plaintiff Kombe Sefelino is a resident of Morris County, New Jersey.

5. Defendant County College of Morris is a public community college located in Randolph, New Jersey. It can be served at 214 Center Grove Road, Randolph, New Jersey 07869.

6. Defendant Janique Caffie is Dean of Students at County College of Morris. She is sued in her official capacity.

7. Defendant Vivyen Ray is Vice President of Human Resources and Labor Relations at County College of Morris. She is sued in her official capacity.

## FACTS

8. Plaintiff Kombe Sefelino is a student at the County College of Morris.

9. Mr. Sefelino is a Christian, and he frequently preaches on sidewalks and street corners about the Bible and his Christian faith.

10. Mr. Sefelino also preaches on the campus of the County College of Morris, where he attends classes as a student.

11. Mr. Sefelino preaches in public as an act of love. He seeks to inform passersby of the Bible's teachings, urging them to repent of their sins and put their faith in Jesus Christ.

12. Mr. Sefelino's preaching will occasionally mention the Bible's teachings on homosexuality, which condemn homosexuality as a sin and warn practicing homosexuals (and other sinners) that they will not inherit the kingdom of God unless they repent. Several times while on campus, Mr. Sefelino has mentioned this passage from Paul's letter to the Corinthians:

> [9]Or do you not know that the unrighteous will not inherit the kingdom of God? Do not be deceived: neither the sexually immoral, nor idolaters, nor adulterers, nor men who practice homosexuality, [10]nor thieves, nor the greedy, nor drunkards, nor revilers, nor swindlers will inherit the kingdom of God. [11]And such were some of you. But you were washed, you were sanctified, you were justified in the name of the Lord Jesus Christ and by the Spirit of our God.

1 Cor. 6:9–11 (ESV).

13. Mr. Sefelino also preaches that every person will stand before God one day to be judged, and that those who do not repent of their sins will suffer eternal punishment in hell, consistent with the Bible and the teachings of Jesus on these matters. *See, e.g.*, Luke 13:5 (ESV) ("[U]nless you repent, you will all likewise perish.").

14. In November of 2022, someone complained to the college administration about Mr. Sefelino's statements that homosexuals "will not inherit the kingdom of God."

15. In response to these complaints, defendant Vivyen Ray, the college's Vice President of Human Resources and Labor Relations, issued a "written warning" to Mr. Sefelino on November 11, 2022. *See* Exhibit 1.

16. The letter from Ms. Ray declared that Mr. Sefelino's statements were "hate speech" that "demonstrated a bias against the LGBQT+ community." *See* Exhibit 1. It also accused Mr. Sefelino of violating the New Jersey Law Against Discrimination (NJLAD). *See id.*

17. The letter from Ms. Ray threatened Mr. Sefelino with expulsion if the college received any future complaints about his "biased behavior." *See* Exhibit 1 ("Further

complaints against you for demonstrating biased behavior will result in a recommendation to Dean Caffie to begin Student Code of Conduct proceedings with the intention of lawfully removing you as a student.").

18. Without evincing any sense of irony, Ms. Ray closed her letter by saying: "We accept everyone here. There is no place for bias at CCM. You should think hard about whether this is the best environment for you." Exhibit 1.

19. Mr. Kombe refused to self-censor in response to these threats and continued to speak against homosexuality and warn that practicing homosexuals will not inherit the kingdom of God.

20. On November 28, 2022, the college suspended Mr. Selefino after pronouncing him guilty of "preaching hate speech on campus in reference to homosexuality and homosexuals." *See* Exhibit 2. The suspension ran from November 28, 2022, through December 8, 2022.

## CLAIM FOR RELIEF

21. The First and Fourteenth Amendments protect Mr. Sefelino's freedom of speech, and the County College of Morris must comply with the free-speech protections of the First Amendment.

22. The right of free speech includes the right to speak and demonstrate against homosexuality. *See Snyder v. Phelps*, 562 U.S. 443 (2011). It also includes the right to engage in speech that offends homosexuals and woke college administrators. *See West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 642 (1943) ("If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein.").

23. The college suspended Mr. Sefelino because of the content of his speech and the viewpoints that he expressed. This is constitutionally impermissible at a public

institution of higher learning. *See Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819, 833 (1995).

24. None of Mr. Sefelino's speech regarding homosexuality fell outside the protections of the First Amendment. He did not use "fighting words," he did not threaten or defame anyone, he did not incite imminent lawless action, and he did not utter obscenities. Nor did the college accuse him of engaging in unprotected speech of this sort.

25. There is no "hate speech" exception to the First Amendment. *See Snyder v. Phelps*, 562 U.S. 443 (2011); *R.A.V. v. St. Paul*, 505 U.S. 377 (1992); Eugene Volokh, *No, There's No "Hate Speech" Exception to the First Amendment*, Volokh Conspiracy, *Wash. Post* (May 7, 2015), https://tinyurl.com/p4v85rl. And even if there were, repeating statements from the Bible that homosexuals "will not inherit the kingdom of God" is not hate speech.

26. Each of the defendants violated Mr. Sefelino's First Amendment rights by suspending him for speaking against homosexuality. And each of the defendants continues to violate Mr. Sefelino's First Amendment rights by threatening him with expulsion if he continues to speak against homosexuality while on campus.

27. Mr. Sefelino brings this cause of action under 42 U.S.C. § 1983, the Declaratory Judgment Act (28 U.S.C. § 2201), and any other law that might supply a cause of action for the requested relief.

## DEMAND FOR RELIEF

28. Mr. Sefelino respectfully requests that the court:

   a. declare that the defendants are violating Mr. Sefelino's rights under the First and Fourteenth Amendments by disciplining him and threatening him with future discipline for speaking against homosexuality;

  b.  issue preliminary and permanent injunctions that restrain the defendants from disciplining Mr. Sefelino for speaking against homosexuality, and that order the defendants to expunge the written warning and suspension from Mr. Sefelino's disciplinary record;

  c.  award Mr. Sefelino nominal, compensatory, and punitive damages;

  d.  award Mr. Sefelino's costs and attorneys' fees;

  e.  grant all other relief that the Court deems just, proper, or equitable.

                Respectfully submitted.

| | |
|---|---|
| Jonathan F. Mitchell* <br> Texas Bar No. 24075463 <br> Mitchell Law PLLC <br> 111 Congress Avenue, Suite 400 <br> Austin, Texas 78701 <br> (512) 686-3940 (phone) <br> (512) 686-3941 (fax) <br> jonathan@mitchell.law <br><br> Gene P. Hamilton* <br> Virginia Bar No. 80434 <br> Nicholas R. Barry* <br> Tennessee Bar No. 031963 <br> America First Legal Foundation <br> 300 Independence Avenue SE <br> Washington, DC 20003 <br> (202) 964-3721 <br> gene.hamilton@aflegal.org | /s/ Walter S. Zimolong <br> Walter S. Zimolong <br> New Jersey Bar No. 025262002 <br> James J. Fitzpatrick III* <br> Pennsylvania Bar No. 320497 <br> Zimolong LLC <br> Post Office Box 552 <br> Villanova, Pennsylvania 19085 <br> (215) 665-0842 <br> wally@zimolonglaw.com |

* *pro hac vice* applications pending

Dated: March 21, 2023            *Counsel for Plaintiff*