------ LAW OFFICES ------
**DECOTIIS**
DeCotiis, FitzPatrick, Cole & Giblin, LLP

61 SOUTH PARAMUS ROAD, SUITE 250
PARAMUS, NEW JERSEY 07652
_____

TELEPHONE: (201) 928-1100
TELEFAX:      (201) 928-0588

PARSIPPANY OFFICE:
90 E. HALSEY RD., SUITE 385
PARSIPPANY-TROY HILLS, NJ 07054

WWW.DECOTIISLAW.COM

R. SCOTT FAHRNEY, ESQ.
SFAHRNEY@DECOTIISLAW.COM
201.347.2146
REPLY TO: PARAMUS OFFICE

March 30, 2023

**Via ECF**
Hon. Julien Xavier Neals, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Courtroom: MLK 5D
Newark, New Jersey  07101

      Re:    Kombe Sefelino v. County College of Morris
             Docket No.: 2:23-cv-01595-JXN-LDW

Dear Judge Neals;

As you may be aware, this office has been assigned to represent the County College of Morris, (hereinafter referred to as "CCM") by way of the County of Morris (hereinafter referred to as the "County"), with regard to the above captioned matter.  Kindly accept this leather brief, in lieu of a more formal brief, in opposition to the plaintiff's Order to Show Cause for preliminary injunction to permit plaintiff to return to the County College of Morris as a student.

**STATEMENT OF FACTS**

Plaintiff, Kombe Sefelino, (hereinafter referred to as "Plaintiff" or "Sefelino") is a student registered for college at CCM.  At all times relevant hereto, Sefelino is a member of the CCM Student Body.

On or about March 21, 2023, an incident occurred on the CCM campus which resulted in Sefelino being escorted off campus property and asked not to return until he had a conversation with the Dean of Students.  See Declaration of Janique Caffie ¶2.  Ms. Caffie placed no restriction on when that meeting could occur.  See Declaration of Janique Caffie ¶3.



Following the March 21, 2023 incident, the Plaintiff filed this within lawsuit and Order to Show Cause seeking specific relief that he be permitted to return to campus and engage in lawful activities as a student to exercise his First Amendment rights.  See Pl. Brief, pg. 1.

On March 30, 2023, defense counsel issued corresponds to plaintiff's counsel stating that "effective immediately, March 30, 2023, your client, Mr. Kombe Sefelino, is permitted to return to the County College of Morris campus for any lawful purpose."  See Fahrney Declaration ¶¶2-3.

At the present time, the relief sought in plaintiff's Order to Show Cause is moot.  The plaintiff is permitted to return to campus at CCM for any lawful purpose.  As such, the plaintiffs Order to Show Cause and Preliminary Injunctive Relief should not be granted.

## LEGAL ARGUMENT

### I. Plaintiff's Request for injunctive relief is now moot, and as such, the Order to Show Cause must be dismissed.

The central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief. *Jersey Cent. Power & Light Co. v. State of N.J.*, 772 F.2d 35, 39 (3d Cir. 1985).

Mootness has been described as the doctrine of standing set in a time frame, i.e., "[t]he requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)".  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (quoting Monaghan, *Constitutional Adjudication: The Who and When*, 83 Yale L.J. 1363, 1384 (1973)).  *See also, Arizonans for Official English v. Arizona*, 520 U.S. 43, 68, n. 22 (1997).  To qualify as a case fit for federal-court adjudication, "an actual controversy must be extant at <u>all stages of review</u>, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).



A case then, is moot "...when the issues presented are no longer 'live or the parties lack a legally cognizable interest in the outcome.' " *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Effective immediately, Sefelino is permitted to return to campus and engage in lawful activities as a student. This would include any First Amendment privileges. See Fahrney Cert., Exhibit A. With regard to the Order to Show Cause filed by the plaintiffs, which seeks that Sefelino be permitted to return to campus and exercise his lawful rights as a student, the relief sought by the plaintiff is now moot.

Federal courts do not **"... give opinions upon moot questions or abstract propositions..."** *Mills v. Green*, 159 U.S. 651, 653 (1895); *Karcher v. May*, 484 U.S. 72, 82, 83 (1987). [Emphasis Added]. The mootness doctrine is consistently applied to dismiss claims that do not satisfy the case or controversy requirement of Article III § 2. In sum, if a case is moot, it must be dismissed for want of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. at 477-499.

Because the relief which Plaintiff sought to compel has occurred, there is no justiciable issue before the Court. Justiciability goes "...to the power of the federal courts to entertain disputes, and to the wisdom of their doing so." *Renne v. Geary*, 501 U.S. 312, 316 (1991). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 546, n. 8 (quoting *Worth v. Selden*, 422 U.S. 490, 517-518 (1975)).

In the case at bar, the Plaintiff undeniably has the right to enter CCM Campus and attend class and use the property for any lawful purpose which includes lawfully exercising his First Amendment rights. As such, there is no need for judicial intervention, as the Plaintiff's claim for emergent relief is now moot, as is the claim that he will be irreparably harmed absent relief from this court.

Case 2:23-cv-01595-JXN-LDW   Document 18   Filed 03/30/23   Page 4 of 4 PageID: 89



As such, he has all the rights, without restriction, that the Order to Show Cause was geared to secure, and thus cannot satisfy the elements necessary to satisfy injunctive relief under *Eli Lilly & Co., v. Premo Pharm. Labs, Inc.*, 630 F.2d 120, 136 (3d Cir. 1980).

As such, because the plaintiff has been permitted to return to CCM campus, and exercise all rights under the law as a student of the CCM, the relief sought by plaintiff is moot, and that presents no justiciable action under this Order to Show Cause.

## CONCLUSION

I thank Your Honor for your time and attention to this matter. Should Your Honor have any questions or concerns, please do not hesitate to have a member of your staff contact our office.

Respectfully Submitted,

R. Scott Fahrney, Esq.,

Cc:
Justin Marchetta, Esq., via e-mail
Richard Flaum, Esq., via e-mail
Jonathan F. Mitchell, Esq., via e-mail
James Fitzpatrick, Esq., via e-mail
Nicholas Berry, Esq., via e-mail