# MITCHELL LAW

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 tel
(512) 686-3941 fax
jonathan@mitchell.law

April 21, 2023

Hon. Julien Xavier Neals
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  Re: *Sefelino v. County College of Morris, et al.*, No. 2:23-cv-01595-JXN-LDW

Dear Judge Neals:

We write in response to Mr. Fahrney's letter of April 18, 2023, which suggests that Mr. Sefelino's request for preliminary injunctive relief became moot when Mr. Sefelino decided to withdraw from the County College of Morris for this semester.

Mr. Fahrney's suggestion of mootness is mistaken. Mr. Sefelino withdrew only for this semester, and he did so *only* because the college had banished him from campus for 10 days and did not offer him an opportunity to salvage his grades and academic record on account of the many classes that he missed. *See* Third Sefelino Decl. ¶¶ 8–19 (attached as Exhibit 2). Mr. Sefelino chose to withdraw for the semester so that his grades would be recorded as Ws rather than Fs, as a W grade would not negatively affect his grade point average. *See id*. at ¶¶ 15–16 ("Rather than suffer a negative impact to my GPA because the missed classroom time, on April 3, 2023, I informed the college I was withdrawing for the semester. . . . By withdrawing for the semester, my GPA would not be affected and I would simply receive a 'W' for my grade."). Mr. Sefelino will re-enroll if the Court orders the college to mitigate any damage to Mr. Sefelino's grades or academic record by (among other things) requiring the college to excuse his absences from class and provide the academic support necessary to make up for the lost instructional time.

The college relies on *Fox v. Board of Trustees of State University of New York*, 42 F.3d 135 (2d Cir. 1994), but that case is inapposite because the students in *Fox* had graduated from the defendant college and had no intent or desire to re-enroll. *See id*. at 140 ("[T]his court has consistently held that students' declaratory and injunctive claims against the universities that they attend are mooted by the *graduation* of the students, because *after their graduation* and absent a claim for damages, it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury." (emphasis added) (citation and internal quotation marks omitted)). Here, Mr. Sefelino has withdrawn

only for the semester, and only because the college will not mitigate or eliminate the damage to his academic record caused by its unconstitutional actions. Mr. Sefelino still wishes to attend classes at the County College of Morris, and it remains possible for this Court to award preliminary relief that will redress Mr. Sefelino's ongoing and irreparable injuries. This can be done by enjoining the college from punishing Mr. Sefelino for his constitutionally protected speech and ordering the college to take every step necessary to ensure that Mr. Sefelino's grades and academic record do not suffer on account of Mr. Sefelino's unconstitutional banishment from campus. *See Delaware Riverkeeper Network v. Secretary Pennsylvania Dep't of Environmental Protection*, 833 F.3d 360, 374 (3d Cir. 2016) ("A case becomes moot 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (quoting *Decker v. Northwest Environmental Defense Center*, 568 U.S. 597, 609 (2013)). Mr. Sefelino will re-enroll if the Court ensures that his grades for the semester will not be adversely affected because of the college's actions. *See* Third Sefelino Decl. ¶ 18 ("I will re-enroll if the Court orders the college to mitigate the damage to my GPA by, among other things, requiring the college to offering me all academic support necessary to make up for the lost class time and rescinding the previous suspensions from my record."). So relief remains possible, and Mr. Sefelino's request for a preliminary injunction is not moot. *See Global Relief Found., Inc. v. O'Neill*, 315 F.3d 748, 751 (7th Cir. 2002) ("When relief is possible, a lawsuit is not moot.").

Finally, Mr. Sefelino is still suffering immediate and irreparable injury because he was forced to withdraw for the semester to avoid failing grades. *See* Third Sefelino Decl. ¶ 19. A preliminary injunction will alleviate those ongoing injuries by allowing Mr. Sefelino to return to campus and finish his courses for the semester without risking failing grades on account of his unconstitutional banishment from campus.

                                              Respectfully submitted.

                                              */s/ Jonathan F. Mitchell*

cc: All counsel of record                             Jonathan F. Mitchell
                                                          Mitchell Law PLLC