UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KOMBE SEFELINO,<br><br>       *Plaintiff*,<br><br>v.<br><br>COUNTY COLLEGE OF MORRIS, *et al.*,<br><br>       *Defendants*. | Civil Action No. 23-1595(JXN)(LDW)<br><br>**OPINION & ORDER** |

**NEALS,** District Judge

      This matter comes before the Court on Plaintiff Kombe Sefelino's ("Plaintiff") motion for reconsideration of the Court's March 22, 2023 Order (ECF No. 6) denying Plaintiff's application for an Order to Show Cause. Defendant the County College of Morris by way of the County of Morris opposed the motion (ECF No. 18) and Plaintiff replied in further support (ECF No. 19). The Court has considered the parties' submissions and rules on this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's motion for reconsideration is **DENIED**.

    **I.**    **BACKGROUND**[1]

      Plaintiff initiated this action against Defendant County College of Morris (the "College" or "Defendant") for allegedly violating Plaintiff's First Amendment right of free speech. (*See generally* Compl., ECF No. 1.) Plaintiff alleges the College suspended him because he spoke against homosexuality on campus and "repeated passages from the Bible declaring that homosexuals would not 'inherit the kingdom of God.' 1 Cor. 6:10 (ESV)." (Compl. ¶ 1.)

---

[1] The Court writes primarily for the parties and summarizes the relevant procedural history below.

Plaintiff alleges that on November 11, 2022, the College issued him a written warning for violation of the New Jersey Law Against Discrimination (the "Warning Letter"). (*See* Compl. ¶ 1; *id.*, Exhibit 1, ECF No. 1-1.) The Warning Letter stated that the College had "received complaints regarding [Plaintiff's] prophesizing about gay people going to hell." (*Id.*) The Warning Letter also provided that the College "believe[d] [Plaintiff's] statements represent hate speech" and "demonstrated a bias against the LGBQT+ community." (*Id.*) Additionally, the Warning Letter advised Plaintiff that "[f]urther complaints against [him] for demonstrating biased behavior will result in a recommendation to Dean [Janique] Caffie to begin Student Code of Conduct proceedings with the intention of lawfully removing [him] as a student." (*Id.*)

Plaintiff asserts that he "refused to self-censor" in response to the College's Warning Letter and "continued speaking against homosexuality and propagating the Bible's teachings on this matter[.]" (*Id.*) On November 28, 2022, the College suspended Plaintiff after finding him guilty of "preaching hate speech on campus in reference to homosexuality and homosexuals." (Compl. ¶ 20; *id.*, Exhibit 2, ECF No. 1-2.) The suspension ran from November 28, 2022, through December 8, 2022. (*Id.*)

On March 21, 2023, Plaintiff filed his Complaint against the College, Janique Caffie, in her official capacity as Dean of Students; and Vivyen Ray, in her official capacity as Vice President, Human Resources and Labor Relations. (*See* Compl. ¶ 5-7.)

On March 22, 2023, Plaintiff moved for the issuance of an Order to Show Cause for temporary restraints and a preliminary injunction, on an *ex parte* basis. (ECF Nos. 2, 3.) That same day, the Court denied Plaintiff's application for failure to meet the heightened standards of Fed. R. Civ. P. 65. (ECF No. 6.) The Court concluded that Plaintiff had failed to make a clear and specific showing of good and sufficient reasons for expedited treatment, L. Civ. R. 65.1(a),

and directed Plaintiff's application be treated as a motion, to which Defendants can respond in the normal course. (*Id.*)

Plaintiff filed the instant motion for reconsideration of this Court's denial of his Order to Show Cause "because of newly evidence [sic] not available at the time the motion was filed." (ECF No. 9.)[2] The College opposed the motion (ECF No. 18) and Plaintiff replied in further support (ECF No. 19). The matter is now ripe for review.

## II.  LEGAL STANDARD

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i) within fourteen (14) days of the entry of an order. Plaintiff has complied with this time requirement. Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: (i) an intervening change in the controlling law; (ii) the availability of new evidence that was not available when the court issued the decision; or (iii) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *U.S. v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a

---

[2] Despite Plaintiff's failure to file a notice of motion and a proposed form or order, the Court will nevertheless consider the motion on the merits. However, Plaintiff's counsel is warned to comply with all applicable federal and local civil rules, or they run the risk of their motions being denied solely on that basis. *See Bounasissi v. New York. Life. Ins. & Annuity Corp.*, Civ. No. 15-7585, 2016 WL 852483, at *3, (D.N.J. Mar. 4, 2016).

3

motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion for reconsideration does not entitle a party to a second bite at the apple.

### III.     DISCUSSION

On March 22, 2023, the Court denied Plaintiff's *ex parte* application for an Order to Show Cause for failure to meet the heightened standards of Fed. R. Civ. P. 65. (*See* ECF No 9.) The Court found that Plaintiff failed to make a clear and specific showing why his application for injunctive relief should proceed by way of order to show cause. L. Civ. R. 65.1(a). (*Id*.) The Court ordered that Plaintiff's application be treated as a motion to which Defendants can respond in the normal course. (*Id*.)

#### A.     Plaintiff's Motion for Reconsideration

Plaintiff argues that reconsideration is necessary because of "newly evidence [sic] not available at the time the motion was filed." (ECF No. 9 at 1.) The new evidence refers to events that occurred after the Complaint was filed and emailed to Defendant. Specifically, Plaintiff asserts that the College's Department of Public Safety "removed Plaintiff from campus after he preached against transgenderism" and "indefinitely barred [him] from returning to campus." Plaintiff asks the Court to reconsider the denial of his Order to Show Cause in light of "this new evidence and the rapidly evolving nature of the case." (*Id*. at 2.)

In its opposition, the College states that on March 30, 2023, a letter was sent to Plaintiff's counsel advising that Plaintiff was "permitted to return to the County College of Morris campus

4

for any lawful purpose." (ECF No. 18 at 2; *see also* Fahrney Cert. ¶¶ 2-3, ECF No. 18-2.) Consequently, the College argues that the relief sought in Plaintiff's Order to Show Cause is now moot. (ECF No. 18 at 2.)

In his reply brief, Plaintiff counters that the College's decision to allow him on campus "for any lawful purpose" falls short of the preliminary relief that he is requesting from this Court. (ECF No. 19 at 2.) Plaintiff argues that his motion for preliminary injunction demands relief that would enjoin the College from "disciplining him, removing him from campus, or threatening or retaliating against him in any way for preaching from the Bible or speaking against homosexuality, transgenderism, or gender-nonconforming behavior." (*Id*.)

On April 18, 2023, counsel for the College filed a letter advising the Court "of a change of circumstances that was omitted from the Plaintiff's reply brief." (ECF No. 24.) Specifically, the letter states that Plaintiff officially withdrew from the College on April 3, 2023, and attaches a copy of an email exchange between Plaintiff and personnel at the College noting his withdrawal. (*Id*. at 1, Exhibit A.) The College argues since Plaintiff is no longer enrolled at the County College of Morris, the Order to Show Cause must be denied as moot and there is no immediate threat of irreparable harm.

On April 21, 2023, Plaintiff responded to defense counsel's letter and argues that defense counsel's suggestion of mootness is "mistaken." (ECF No. 28 at 1.) Plaintiff further argues that he decided to withdraw from the County College of Morris for this semester only because the college had banished him from campus…and did not offer him an opportunity to salvage his grades...." (*Id*.) Plaintiff notes that he "will re-enroll if the Court orders the college to mitigate any damage to [Plaintiff's] grades or academic record by (among other things) requiring the

college to excuse his absences from class and provide the academic support necessary to make up for the lost instructional time." (*Id.*)

Here, the Court previously denied Plaintiff's application for a temporary restraining order or preliminary injunction because he failed to meet the heightened standards of Fed. R. Civ. P. 65. Specifically, the materials before the Court did not show "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1). In the instant motion, Plaintiff asks the Court to reconsider its Order denying Plaintiff's application for an Order to Show Cause (ECF No. 6), "because of new[] evidence not available at the time the motion was filed." (ECF No. 9 at 1.) The asserted newly discovered evidence is an event that occurred after the Court entered its Order, wherein Plaintiff was removed from campus by the College for preaching against transgenderism and quoting the bible. (*See id.*) Rule 7.1(i), however, "does not contemplate a Court looking to matters which were not originally presented." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988); *see also Feit v. Great–West Life and Annuity Ins. Co.*, 460 F.Supp.2d 632, 644 (D.N.J. 2006) (stating that litigant's attempt to raise new arguments "falls afoul of the admonition to confine the grounds for reconsideration to matters previously presented to, but overlooked by, the court on the original motion."). Plaintiff's arguments regarding this subsequent event or actions taken by the College are not properly raised for the first time on a motion for reconsideration. Moreover, Plaintiff acknowledges that since the filing of his motion for reconsideration, the College has allowed him to return to campus "for any lawful purpose." (*See* ECF No. 19 at 1; Fahrney Cert. ¶¶ 2-3.) In short, there has been no clear factual showing why Plaintiff's application for a temporary restraining order or injunctive relief should proceed by way of order to show cause. As such, Plaintiff has not

established that he is entitled to the extraordinary remedy that is reconsideration and his request for same is denied.

## IV. CONCLUSION

For the reasons stated above and good cause shown,

**IT IS** on this 1st day of June, 2023,

**ORDERED** that Plaintiff's motion for reconsideration (ECF No. 9) is **DENIED**.

                                                          s/ Julien Xavier Neals
                                                          **Julien Xavier Neals**
                                                          **United States District Judge**