**DeCotiis, FitzPatrick, Cole & Giblin, LLP**
R. Scott Fahrney, Esq. Bar Id.: 017182008
61 S. Paramus Road, Suite 250
Paramus, New Jersey 07652
201-928-1100
Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOMBE SEFELINO,<br><br>                Plaintiff,<br>Vs.<br><br>COUNTY COLLEGE OF MORRIS; JANIQUE CAFFIE, in her official capacity as Dean of Students at County College of Morris; VIVYEN RAY, in her official capacity as Vice President, Human Resources and Labor Relations at County College of Morris,<br><br>                Defendants | Case No. 2:23-cv-01595-JXN-LDW<br><br>A Civil Action<br><br>**JOINT DISCOVERY ORDER** |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   Plaintiff, Kombe Sefelino, (hereinafter referred to as "Plaintiff" or "Sefelino") was a student registered for college at the County College of Morris (hereinafter referred to as "CCM"). At all times relevant hereto, Sefelino was a member of the CCM Student Body.

   Beginning in or about September 2023, Mr. Sefelino had begun to preach to passersby on CCM's Campus and at the Welcome Back Student Organization Fair. Mr. Sefelino's preaching would occasionally mention the Bible's teachings on homosexuality, which condemns homosexuality as a sin, and warn practicing homosexuals (and other sinners) that they will not inherit the kingdom of God unless they repent. Mr. Sefelino also preached that every person will stand before God one day to be judged,

and that those who do not repent of their sins will suffer eternal punishment in hell, as he quotes from the Bible.

In November of 2022, someone complained to the college administration about Mr. Sefelino's statements that homosexuals "will not inherit the kingdom of God." The student felt targeted and filed a complaint with school officials.

In response to these complaints, Dean of Students, Vivyen Ray, issued a "written warning" to Mr. Sefelino on November 11, 2022. The letter from Ms. Ray outlined that Mr. Sefelino's statements were "hate speech" that "demonstrated a bias against the LGBQT+ community." Furthermore, the letter from Ms. Rey stated that "further complaints against you for demonstrating biased behavior will result in a recommendation to Dean Caffie to begin Student Code of Conduct proceedings with the intention of lawfully removing you as a student."

When Mr. Sefelino refused to self-censor and continued to preach in the same tone and manner that he had previously engaged in, the College received further complaints from students. On November 28, 2022, the College suspended Mr. Selefino for "preaching hate speech on campus in reference to homosexuality and homosexuals" in violation of the student code of conduct. This suspension lasted from November 28, 2022, to December 8, 2022.

On or about March 21, 2023, an incident occurred on the CCM campus which resulted in Sefelino being escorted off campus property and asked not to return until he had a conversation with the Dean of Students. Ms. Caffie placed no restriction on when that meeting could occur.

Following the incident of March 21, 2023, Mr. Sefelino filed this within lawsuit under 42 U.S.C. § 1983 seeking unspecified monetary damages, because the College violated his First Amendment rights under the U.S. Constitution by disciplining him with a 10-day suspension and removing him from Campus.

2

2. Have settlement discussions taken place? Yes _____ No ___X_____

    If so, when? <u>N/A</u>

    (a) What was plaintiff's last demand?

        (1) Monetary demand: $_____

        (2) Non-monetary demand:_____

    (b) What was defendant's last offer?

        (1) Monetary offer: $ _____

        (2) Non-monetary offer: _____

3. The parties [have ___X___ -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures.

   - None

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

   - Parties may seek to file motions for injunctive relief upon the completion of paper or fact discovery.

6. The parties propose the following:

   (a) Discovery is needed on the following subjects:

   **Plaintiff:**

   - The decision to suspend Mr. Sefelino.

   - The decision to threaten Mr. Sefelino with criminal prosecution.

**Defendant:**
Economic Damages;
Non-Economic Damages;
Plaintiff's Academic Transcript;
Plaintiff's background and campus activities;

(b) Should discovery be conducted in phases? __No____ If so, explain.

(c) Number of Interrogatories by each party: _25__;

(d) Number of Depositions to be taken by each party: _10__;

(e) Plaintiff's expert report due on December 15, 2023;

(f) Defendant's expert report due on January 30, 2024;

(g) Motions to Amend or to Add Parties to be filed by September 1, 2023;

(h) Dispositive motions to be served by February 1, 2024;

(i) Factual discovery to be completed by November 1, 2023,

(j) Expert discovery to be completed by February 28, 2024;

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

- Discovery Demands and Responses to be served electronically

(l) A pretrial conference may take place on _____

(m) **Trial by jury** or non-jury Trial?

(n) Trial date: _____.

7. Do you anticipate any discovery problem(s)? Yes **No** If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes **No**

   - Deposition may be conducted via Zoom or similar platform.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

   - **It is too early to determine if arbitration or mediation would serve a purpose.**

10. Is this case appropriate for bifurcation? Yes **No**

11. We [do _____ do not__X__ ] consent to the trial being conducted by a Magistrate Judge.

_____
R. Scott Fahrney, Esq.,
DeCotiis, FitzPatrick, Cole & Giblin, LLP
Special County Counsel
County of Morris
Attorneys for Defendants County College
of Morris, and County of Morris

/s/ Walter S. Zimolong, Esq.
Wally Zimolong, Esquire
Zimolong Law LLC
Attorneys for Plaintiff

Dated: July 6, 2023

#3283484